UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Leisa Young,
Plaintiff,

v. CA No. 01-288S

City of Providence,
Defendant.

**CASE MANAGEMENT ORDER**

(Civil Case)

After conference with the parties regarding scheduling matters, it is ordered as follows:

1. A. Dispositive Motions. Renewed motion for summary judgment on the issue of Qualified Immunity shall be filed by Defendants by **August 12, 2005**, with reply thereto due **September 2, 2005**, and response to the reply due **September 9, 2005**. Oral argument will follow on **September 19, 2005**.

B. Also by **September 2, 2005**, Counsel shall submit a memorandum regarding the scope and manner of trial on the issue of training, particularly setting forth what procedures can be agreed upon, if any, for expediting the trial.

2. Pretrial Conference. A conference will be held on **September 19, 2005**, following oral argument, at which time the parties will be prepared to discuss with the Court:

A. Anticipated motions in limine and proposed date for filing of same.

B. Jury instructions.

C. Jury empanelment procedure (including questionnaire), scope of the trial, final pretrial conference scheduling, and dates for filing amended pretrial memos.

D. Any additional matter which counsel feel will aid the Court.

3. Trial Calendar. This case shall be placed on the trial calendar for date certain of **October 31, 2005**. Jury empanelment will be scheduled in advance of this date at the **September 19, 2005** conference.

4. Settlement Conference. The parties have tentatively agreed to engage in settlement discussions under the supervision of Magistrate Judge Lovegreen on **August 1, 2005**.

5. Pretrial Memoranda. On the date specified for filing but in any event no later than two weeks before the commencement of trial, counsel shall present typewritten

pretrial memorandum which shall contain the following information:

A.(1) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(2) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

A.(3) The parties should submit a joint statement setting forth the points they have agreed upon as to the presentation of evidence from phase one.

B. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations must be fully briefed.

C. A list of all exhibits intended to be offered at the trial with statements of the

purpose for which the exhibit is offered. All such exhibits must be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

D. A statement as to probable length of trial.

6. No Stays Except Upon Motion. The dates contained herein shall not be stayed by the filing of a dispositive motion (i.e. Local Rule 12.1(e) is not in effect) unless approved by the Court upon the filing of a motion setting for the specific reasons for such a stay.

7. Additional Matters. Counsel shall file three (3) copies of all materials (one (1) for the Clerk and two (2) for Chambers).

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

Except as will be provided for with respect to motions in limine, no motions other than those described above shall be filed except by leave of Court.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before**

**the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

By Order

Deputy Clerk

ENTER:

William E. Smith
United States District Judge
Date: 7/14/05