MJC:ljc 95306 \pleading\95306ReplyMemo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LEISA YOUNG | : | |
| | : | |
| VS. | : | C.A. NO. 01-288S |
| | : | |
| CITY OF PROVIDENCE, ET AL | : | |

**DEFENDANTS RYAN AND COHEN'S REPLY TO PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT**

The plaintiff has missed the mark as to the proper inquiry regarding the entitlement of defendants ***Ryan and Cohen*** to Qualified Immunity. Emphasis is added here because the proper focus must be on ***their*** alleged unconstitutional conduct. They were not the shooters of Cornel Young, nor were they the instructors of Michael Solitro, nor were they the policymakers for the City of Providence. The plaintiff chose to name them as defendants in this action but the plaintiff cannot make them something that they were not. At best, they were supervisors of training programs, nothing more, nothing less. Their alleged wrongful conduct, if anything, could only be that they unconstitutionally supervised the training of Michael Solitro. As such, the proper framework and analysis of their access to the qualified immunity defense must start from there.

The plaintiff spends her entire memorandum discussing the "clearly established" status of Solitro's conduct and, in doing so, she mixes the analysis that would be applied to the question of Solitro's entitlement to qualified immunity with the question of whether or not Ryan and/or Cohen are entitled to it. The rest of the plaintiff's memorandum discusses a "merits" analysis of their conduct, i.e. whether or not Ryan/Cohen's conduct passes constitutional muster. This completely ignores the

two step mandate enunciated by the United States Supreme Court in *Saucier*. Whether or not Ryan and Cohen's conduct was constitutional is of no moment to the question of whether or not they are entitled to qualified immunity. *Saucier* dictates this. It appears, however, that the plaintiff would rather adopt the minority position stated by Ms. Justice Ginsburg (in *Saucier*) that sought to make the analysis of the merits of alleged unconstitutional conduct the same as that for qualified immunity. That view, while appealing to some, was specifically rejected by the majority in *Saucier*.

For example, at page 4 of the plaintiff's memorandum, the plaintiff argues that the jury's finding of unconstitutional conduct on the part of Solitro satisfies the first prong of the qualified immunity analysis. That argument is completely misplaced. That finding satisfied the first prong of whether or not the matter could proceed against the remaining defendants from a substantive, i.e. merits, standpoint. Solitro's unconstitutional conduct cannot, as a matter of law, be used to satisfy the first step in the process of determining whether or not defendants Ryan and/or Cohen are protected by qualified immunity. Their conduct, not Solitro's, must be looked at to determine the proper sequence for determining the applicability of qualified immunity. There has been no finding that their conduct was unconstitutional. At best, the First Circuit said it was a factual question. So be it. All that means is that we make the assumption that the plaintiff can meet (not did meet) the first step. The difference is real because what might be a material fact for a merits analysis is quite different from what might be considered to be a material fact for qualified immunity purposes, because qualified immunity allows for reasonable mistakes as to an officer's belief in the legality of their actions even if, in fact, their actions were deemed unconstitutional, *Saucier*, 121 S.Ct. 2151, 2159 [9].

At page 8 of her memorandum, the plaintiff argues that "the right that needed to be clearly established in order to deny Solitro and Saraiva qualified immunity is the same as the underlying right that needs to be clearly established in order to hold a supervisor liable." There is no basis for such an argument. Solitro and/or Saraiva's conduct was not the same as the conduct of Ryan and/or Cohen. Neither Ryan nor Cohen are alleged to have committed excessive force (the allegations against Saraiva and Solitro). To argue that the underlying right is "the same" is tantamount to creating Respondeat Superior liability. The plaintiff goes on to argue that the underlying constitutional right violated in this case is the "right to be free from the use of deadly force when a person does not pose a reasonable threat," plaintiff's memo at pages 10-11. Once again, that goes to Solitro's right to qualified immunity, not Ryan and Cohen's.

The plaintiff argues (beginning at page 13 of her memo) that it is clearly established that a supervisor may be responsible for the constitutional violations of a subordinate when those violations are caused by a failure to train. This argument, however, states a mere general proposition of the law and thus ignores the clear teachings of *Saucier* that, for qualified immunity purposes, "this inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition," 121 S.Ct. at 2156 [7].

The plaintiff goes on to argue that the First Circuit decision in this case is all but dispositive of the qualified immunity question. No such rulings were made in the First Circuit, nor could there be. Whether or not the plaintiff can establish a constitutional violation on the merits is of no consequence to the qualified immunity question. Indeed, to get by the first step of *Saucier*, it must be presumed, for the sake of argument, that she could. If they were not two distinct questions (as mandated by

*Saucier*), then presumably, the First Circuit would have rejected the defendants' claim of qualified immunity. Rather, it remanded this matter and "invited" the parties to address it here.

Quite remarkably, at page 25 of her memorandum, the plaintiff questions the accuracy of the statement of law which holds that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." That standard has been so often quoted in qualified immunity cases, it is somewhat curious that the plaintiff can question whether or not it is the "actual standard." Regardless, the plaintiff then goes on to argue that she can show the defendants are plainly incompetent and knowingly violated the law because there is some evidence that Chief Prignano and/or Captain Ryan may have given source documents for promotional exams to certain officers who sought promotions. There is no legal significance, i.e. no materiality, flowing from such evidence to the calculus necessary to determine qualified immunity in this case. The subject matter of this suit relates to the defendants' supervision of training, not their administering of promotional examinations.

Finally, the plaintiff seems to suggest (at page 26 of her memo) that there really is no such thing as qualified immunity by stating that the "defendants present no case in which a supervisor was found to be deliberately indifferent in regards to their clearly established responsibilities and were still entitled to qualified immunity because their actions were still objectively reasonable." One need look no further than *Saucier* or *Hegarty*, both cited in the defendants' brief and both which cite to other cases - all of which stand for the well settled proposition that the qualified immunity inquiry does not depend on whether the underlying conduct was, in fact, unconstitutional but, rather, allows for the "inevitable reality" that law enforcement officials will sometimes reasonably but mistakenly conclude that their conduct is constitutional and they, like other officials who act in ways they reasonably

believe to be lawful, should not be held personally liable, *Saucier* at 2158-2159 [7-8]; *Hegarty*, 53 F.3d at 1373 [6].

For the reasons stated in their original memo of law which, as noted here, have not been rebutted by the plaintiff, your defendants, Ryan and Cohen, are entitled to dismissal based on Qualified Immunity.

DEFENDANTS COHEN AND RYAN
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 9.8.05 to:

Kevin F. McHugh, Esq.
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845

Robert B. Mann, Esq.
501 Turks Head Place
Providence, RI 02903

Nick Brustin, Esq.
COCHRAN, NEUFELD & SCHECK, LP
99 Hudson Street, 8th Floor
New York, NY 10013