UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, Individually and in her Capacity as Administratrix of the Estate of Cornel Young, Jr. | : | |
| vs | : | C.A. No. 01-288 S |
| CITY OF PROVIDENCE, et al. | : | |

**MOTION IN LIMINE OF DEFENDANTS CITY OF PROVIDENCE AND URBANO PRIGNANO, JR. TO EXCLUDE ALL EVIDENCE OF AND REFERENCE TO THE TESTIMONY IN THE 30(b)(6) DEPOSITIONS OF THE CITY OF PROVIDENCE THAT EXCEEDED THE SCOPE OF THE 30(b)(6) NOTICES**

The Defendants City of Providence and Urbano Prignano, Jr. hereby move in limine to exclude any and all evidence pertaining to the following: **The exclusion of all evidence of and reference to the testimony in the 30(b)(6) depositions of the City of Providence that exceeded the scope of the 30(b)(6) notices.** In support hereof, Defendants hereby include and incorporate by reference as if fully set forth their memorandum submitted contemporaneously herewith:

Defendants
City of Providence and Urbano Prignano, Jr.

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, Rhode Island
(401) 421-7740 Ext 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorney(s) of Record as listed below on this 7th day of October, 2005.

Robert B. Mann, Esquire
Mann & Mitchell
501 Turks Head Building
Providence, Rhode Island 02903

Nick Brustin, Esq.
Cochran, Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Michael Colucci, Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, Rhode Island 02888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, Individually and in her Capacity as Administratrix of the Estate of Cornel Young, Jr. | : | |
| vs | : | C.A. No. 01-288 S |
| CITY OF PROVIDENCE, et al. | : | |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE OF DEFENDANTS CITY OF PROVIDENCE AND URBANO PRIGNANO, JR. FOR THE EXCLUSION OF ALL EVIDENCE OF AND REFERENCE TO THE TESTIMONY IN THE 30(B) (6) DEPOSITIONS OF THE CITY OF PROVIDENCE THAT EXCEEDED THE SCOPE OF THE 30 (B) (6) NOTICES**

The Defendants City of Providence and Urbano Prignano, Jr., have filed a number of motions in limine requesting the exclusion not only of the evidence described below but also of other evidence and of the evidence mentioned in the motions in limine and supporting memoranda filed by the other Defendants in this matter, namely those filed by John Ryan and Kenneth Cohen.[1]

**EXCLUSION OF ALL EVIDENCE OF AND REFERENCE TO THE TESTIMONY IN THE 30(B)(6) DEPOSITIONS THAT EXCEEDED THE SCOPE OF THE 30(B)(6) NOTICES**

The Plaintiff in this matter issued two separate Rule 30(b)(6) deposition notices designating the various matters on which the examination was requested. Attached hereto and incorporated herein are copies of each of those two Rule 30(b)(6) deposition notices: Paragraphs numbered one (1) through three (3) of the notice for the deposition originally scheduled for June 25, 2002 described the scope of the matters upon which

[1] The motions in limine and supporting memoranda filed by the other Defendants in this matter; namely, John Ryan and Kenneth Cohen, are hereby included and incorporated by reference as if fully set forth.

examination was requested in that notice; Paragraphs numbered one (1) through four (4) of the notice for the deposition originally scheduled for June 27, 2002 described the scope of the matters upon which examination was requested in that notice. Those two Rule 30(b)(6) deposition notices designated the following matters on which the examination was requested:

> 1. (T)he City's policies, procedures, customs or practices ("PPCP's") . . concerning . . . the conduct of . . . PPD Officers while off-duty . . . including . . . arrests . . . , exercise of police authority, identifying off-duty . . . officers, . . . misconduct, . . . confrontations . . . (with) on duty . . .
> PPD officers (since) 1977. . . "[2]
>
> 2. (T)he City's . . .training of police officers concerning . . . the conduct of . . . PPD Officers while off-duty, including . . . the areas specified in (1) above . . . (since) 1977. . . .[3]
>
> 3. (T)he . . . training of Cornel Young Jr. and the (individually named) defendant police officers concerning the areas described in (1) and (2) above . . . .[4]
>
> 4. (T)he City's . . . PPCP's . . .concerning . . . the selection . . . , training and supervision of *training* officers . . . (since) 1977 . . .[5]
>
> 5. (T)he selection . . . ,training and supervision of . . . Saraiva concerning . . . his duties . . . as a training officer . . . (since) 1977 . . .[6]

In the course of those depositions, however, Plaintiff's counsel improperly proceeded to ask questions on matters not within the scope of the Rule 30(b)(6)

---

[2] Paragraph numbered one (1) in the 30(b)(6) deposition notice for the deposition originally scheduled for June 25, 2002.
[3] Paragraph numbered two in the 30(b)(6) deposition notice for the deposition originally scheduled for June 25, 2002.
[4] Paragraph numbered three in the 30(b)(6) deposition notice for the deposition originally scheduled for June 25, 2002.
[5] Paragraph numbered one (1) in the 30(b)(6) deposition notice for the deposition originally scheduled for June 27, 2002. See also paragraph numbered two (2) in that same notice which designates similar matters.

deposition notices as described above. Consequently, it is requested that the Plaintiff be precluded from using the testimony in the 30(b)(6) depositions that exceeded the scope of the 30(b)(6) notices as described above. As stated by the Court in Paparelli v. Prudential Ins. Co. of America ,108 F.R.D. 727, 729 -731 (D.C.Mass.,1985):

> From the text of the Rule 30(b)(6) and the notes of the Advisory Committee, there is nothing which indicates that the 'matters upon which examination is requested' which are listed in a 30(b)(6) deposition notice limit the scope of the examination. In fact, it can be argued that the sentence in the Rule 30(b)(6) which reads "[t]he persons so designated shall testify as to matters known or reasonably available to the organization" means that the deposition is not strictly limited to the "matters" listed in the notice.
>
> However, . . . such a limitation is implied by the procedures set forth in the rule and the reasons for the rule's adoption as noted by the Advisory Committee.
>
> First, the purpose of the rule was to afford the party deposing the corporation the ability to obtain information on certain matters in the form of testimony on behalf of the corporation without having to name the individual in the corporation to be deposed. It makes no sense for a party to state in a notice that it wishes to examine a representative of a corporation on certain matters, have the corporation designate the person most knowledgeable with respect to those matters, and then to ask the representative about matters totally different from the ones listed in the notice.
>
> Second, another purpose of the rule was to allow the corporation to designate a person who was prepared to answer questions on certain matters on behalf of the corporation. The rule was designed to avoid the problem which arose when a party noticed a particular officer of the corporation and the corporation had no way of knowing what matters were going to be the subject of the inquiry and whether the particular officer whose deposition had been noticed knew anything about those matters. Obviously, this purpose of the rule would be effectively thwarted if a party

[6] Paragraph numbered three (3) in the 30(b)(6) deposition notice for the deposition originally scheduled for June 27, 2002.

> could ask a representative of a corporation produced pursuant to a Rule 30(b)(6) deposition notice to testify as to matters which are totally unrelated to the matters listed in the notice and upon which the representative is prepared to testify.
>
> Third, the fact that the notice must list the matters upon which examination is requested 'with reasonable particularity' also lends weight to the notion that a limitation on the scope of the deposition to the matters specified in the notice is implied in the rule. If a party were free to ask any questions, even if 'relevant' to the lawsuit, which were completely outside the scope of the 'matters on which examination is requested,' the requirement that the matters be listed 'with reasonable particularity' would make no sense. With this in mind, the sentence which reads that '[t]he persons so designated shall testify as to matters known or reasonably available to the organization' can be read in harmony with the rest of the rule if the word 'matters' has the same meaning as it does when used earlier in the rule, i.e., 'matters upon which examination is requested.' As to 'matters upon which examination is requested,' the representative has the duty to answer questions on behalf of the organization to the extent that the information sought is 'known to the organization or reasonably available to it.'
>
> Accordingly, I rule that if a party opts to employ the procedures of Rule 30(b)(6), F.R.Civ.P., to depose the representative of a corporation, that party must confine the examination to the matters stated 'with reasonable particularity' which are contained in the Notice of Deposition.
>
> The next issue is whether counsel for the corporation or organization who produced a witness pursuant to a Rule 30(b)(6) notice can instruct a witness not to answer if counsel for the party deposing the witness persists in asking questions which are beyond the scope of the matters listed in the 30(b)(6) notice.

Rule 30(c), F.R.Civ.P. provides, in pertinent part: " Evidence objected to shall be taken subject to objections."

This provision means that, as a general rule, instructions not to answer questions

at a deposition are improper. The only exceptions are those canvassed in the recent case of International Union Of Electrical, Radio and Machine Workers, AFL-CIO, et al v. Westinghouse Electric Corporation, 91 F.R.D. 277 (D.D.C.1981) wherein Judge Flannery wrote:

> Rule 30(c) should not mandate disclosure of trade secrets or privileged information merely because such information is sought through a question asked on deposition, see Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 460-1 n. 4 (N.D.Cal.1978); strict application of the rule in these contexts would undermine the values traditionally thereby p rotected. In some cases, then, the mere fact of revelation of some types of information ... is sufficiently onerous to justify an exception to the policies of Rule 30(c). Recognizing this, however, the bounds of these exceptional situations must be structured so as not to emasculate the rule. Therefore, the touchstone for determining the existence of such an exception to Rule 30(c) should be the potential harm from disclosure, cf. Preyer v. United States Lines, Inc., 64 F.R.D. 430, 431 (E.D.Pa.1973) (indicating rule might not be applicable where refusal to answer *731 is based upon claim of privilege); in the absence of a showing of some serious harm likely to result from responding to any given question, the policies behind Rule 30(c) require the answer to be given. (Emphasis supplied; footnote omitted).

None of the reasons given by counsel for the defendant Westinghouse for instructing the witness not to answer fall within the category where an answer would cause some serious harm, i.e., the answer would reveal trade secrets, privileged material, or other confidential material.

Accordingly, the instructions not to answer were improper and a violation of Rule 30(c) F.R.Civ.P.

Consequently, the plaintiff in this matter should be precluded from using the testimony in the 30(b)(6) depositions that exceeded the scope of the 30(b)(6) notices for

two reasons:

First, Plaintiff should not be able to gain any benefit from the use of testimony that exceeded the scope of the 30(b)(6) notices because she chose "to employ the procedures of Rule 30(b)(6)" and therefore should be "confine(d) . . . to the matters stated 'with reasonable particularity' which are contained in the (Rule 30(b)(6) notices)."

Second, defense counsel could not have instructed the deponents not to answer the questions which exceeded the scope of the 30(b)(6) notices.

Moreover, it is unduly prejudicial to the Defendants for the Plaintiff to be allowed to introduce evidence purporting to be admissions against the City, when the subject matter of those depositions were not noticed and the deponent thus was not prepared to answer such questions.

Although Defendants' counsel repeatedly objected to the Plaintiff's counsel asking questions outside of the notice, he was powerless under the rules to instruct the witnesses not to answer and the Plaintiff's counsel insisted that because it was a deposition, he could ask whatever questions he wanted.

WHEREFORE, Defendants City of Providence and Urbano Prignano, Jr. pray that their Motion in Limine for the exclusion of all evidence of and reference to the testimony in the 30(B)(6) depositions of the City of Providence that exceeded the scope of the 30(B)(6) notices be granted.

Respectfully submitted,

Defendants
City of Providence and Urbano Prignano, Jr.

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, Rhode Island
(401) 421-7740 Ext 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorney(s) of Record as listed below on this 7th day of October, 2005.

Robert B. Mann, Esquire
Mann & Mitchell
501 Turks Head Building
Providence, Rhode Island 02903

Nick Brustin, Esq.
Cochran, Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Michael Colucci, Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, Rhode Island 02888

5/30/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG, Individually, and in her Capacity as Administratrix of the Estate of Cornel Young, Jr.

v.

CITY OF PROVIDENCE by and through its treasurer, Stephen Napolitano; MICHAEL SOLITRO, individually and in his official capacity; CARLOS SARAIVA, individually and in his official capacity; JOHN AND JANE DOES, 1 through 10, individually and in their official capacity;

Defendants.

No.

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

---

PLEASE TAKE NOTICE that plaintiffs will take the deposition of defendant the City of Providence (the "City") on the 27th day of June, 2002 at 10:00 a.m. before a notary public at the offices of Mann & Mitchell, 501 Turks Head Pl., Providence, Rhode Island, pursuant to Fed. R. Civ. P. 30(b)(6). The matters of examination will be related to the following:

(1) the City's policies, procedures, customs or practices ("PPCP's")concerning, in any way, the selection, instruction, training and supervision of training officers in effect at any time from January 1997 to the present.

(2) the City's instruction and/or training of police officers concerning, in any way, the selection, instruction, training and supervision of training officers in effect at any time from January 1997 to the present, and including, without limitation, academy, in-service, supervisory or other training or instruction.

(3) the selection, instruction, training or supervision of Defendant Saraiva concerning, in any way, his duties and responsibilities as a training officer at any time from January 1997 to the present.

Since this deposition is being taken according to Fed. R. Civ. P. 30(b)(6), the City

shall designate and produce one or more officers, employees or agents who are most knowledgeable on the matters set forth above, and set forth for each person designated and produced the matter(s) on which (s)he will testify.

Although this deposition is being noticed pursuant to Fed. R. Civ. P. 30(b)(6), the matters of inquiry may include any other matters permitted under Fed. R. Civ. P. 30 and any other procedures authorized by the Federal Rules.

Any deponent so designated is requested to produce all documents pertaining to the matters set forth above not previously produced by defendants no later than five (5) business days prior to June 27, 2002.

Dated: New York, New York
May 30, 2002

By: ______________________
NICK BRUSTIN (0605)

Cochran Neufeld & Scheck LLP
Attorneys for Plaintiffs
99 Hudson Street, 8th Floor
New York, New York 10013
(917) 237-0338

5/30/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, Individually, and in her Capacity as Administratrix of the Estate of Cornel Young, Jr. | ) | |
| v. | ) | No. |
| CITY OF PROVIDENCE by and through its treasurer, Stephen Napolitano; MICHAEL SOLITRO, individually and in his official capacity; CARLOS SARAIVA, individually and in his official capacity; JOHN AND JANE DOES, 1 through 10, individually and in their official capacity; Defendants. | ) | **NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

--------------------------------------------------x

PLEASE TAKE NOTICE that plaintiffs will take the deposition of defendant the City of Providence (the "City") on the 25th day of June, 2002 at 10:00 a.m. before a notary public at the offices of Mann & Mitchell, 501 Turks Head Pl., Providence, Rhode Island, pursuant to Fed. R. Civ. P. 30(b)(6). The matters of examination will be related to the following:

(1) the City's policies, procedures, customs or practices ("PPCP's")concerning, in any way, the conduct of Providence Police Department ("PPD") Officers while off-duty or in plainclothes, including, without limitation, PPCP's concerning off-duty or plainclothes arrests, off-duty or plainclothes exercise of police authority, identifying off-duty or plainclothes officers, off-duty misconduct, off-duty use of force and confrontations between on-duty and off-duty or plainclothes PPD officers in effect at any time from January 1997 to the present.

(2) the City's instruction and/or training of police officers concerning, in any way, the conduct of PPD officers while off-duty, including, without limitation, the areas specified in (1) above, given at any time from January 1997 to the present, and including, without limitation, academy, in-service, supervisory or other training or instruction.

(3) the instruction and/or training of Cornel Young Jr. and the individual defendant police officers concerning the areas described in (1) and (2) from the moment they entered the academy to the present.

Since this deposition is being taken according to Fed. R. Civ. P. 30(b)(6), the City shall designate and produce one or more officers, employees or agents who are most knowledgeable on the matters set forth above, and set forth for each person designated and produced the matter(s) on which (s)he will testify.

Although this deposition is being noticed pursuant to Fed. R. Civ. P. 30(b)(6), the matters of inquiry may include any other matters permitted under Fed. R. Civ. P. 30 and any other procedures authorized by the Federal Rules.

Any deponent so designated is requested to produce all documents pertaining to the matters set forth above not previously produced by defendants no later than five (5) business days prior to June 25, 2002.

Dated: New York, New York
May 30, 2002

By: ______________________
NICK BRUSTIN (0605)

Cochran Neufeld & Scheck LLP
Attorneys for Plaintiffs
99 Hudson Street, 8th Floor
New York, New York 10013
(917) 237-0338