UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG

VS C.A. NO. 01-288S

CITY OF PROVIDENCE, E TL

**DEFENDANTS CITY OF PROVIDENCE AND URBANO PRIGNANO, JR. 'S MOTION IN LIMINE FOR THE EXCLUSION OF ALL EVIDENCE OF AND REFERENCE TO THE "PLUNDER DOME' MATTER THE "PROMOTIONAL SCANDAL" AND OTHER SUCH MATTERS PERTAINING TO PLAINTIFF'S SO-CALLED EVIDENCE OF "SYSTEMIC DEFICIENCIES**

Now come the Defendants City of Providence and Urbano Prignano, Jr. and hereby move this Honorable Court for a Motion in Limine for the Exclusion of All Evidence of and Reference to the "Plunder Dome" Matter the "Promotional Scandal" and other such matters Pertaining to Plaintiff's so-called Evidence of "Systemic Deficiencies. Defendants submit the accompanying Memorandum in Support thereof.

Defendants,

City of Providence, Urbano Prignano, Jr.,

By its Attorney:

Kevin F. McHugh,
Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to the Attorneys of Record as listed below on this 7th day of October, 2005.

Michael Colucci, Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, Rhode Island 02888

Robert B. Mann, Esquire
Mann & Mitchell
501 Turks Head Building
Providence, Rhode Island 02903

Nick Brustin, Esquire
Cochran, Nefueld & Scheck
99 Hudson Street 8th Floor
New York, NY 10013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG

VS C.A. NO. 01-288S

CITY OF PROVIDENCE, E TL

**MEMORANDUM IN SUPPORT OF DEFENDANTS CITY OF PROVIDENCE AND URBANO PRIGNANO, JR. 'S OF MOTION IN LIMINE FOR THE EXCLUSION OF ALL EVIDENCE OF AND REFERENCE TO THE "PLUNDER DOME' MATTER THE "PROMOTIONAL SCANDAL" AND OTHER SUCH MATTERS PERTAINING TO PLAINTIFF'S SO-CALLED EVIDENCE OF "SYSTEMIC DEFICIENCIES**

The Defendants City of Providence and Urbano Prignano, Jr., have filed a number of motions in limine requesting the exclusion not only of the evidence described below but also of other evidence and of the evidence mentioned in the motions in limine and supporting memoranda filed by the other Defendants in this matter, namely those filed by John Ryan and Kenneth Cohen[1]

**EXCLUSION OF ALL EVIDENCE OF AND REFERENCE TO THE PLUNDERDOME' MATTER, THE "PROMOTIONAL SCANDAL MATTER AND OTHER SUCH MATTERS PERTAINING TO PLAINTIFF'S SO-CALLED EVIDENCE OF "SYSTEMIC DEFICIENCIES.**

As to the alleged failure to train, even the very incident that is the subject of the complaint namely the "friendly fire" incident wherein Cornel Young, Jr., was fatally wounded by other officers – was the first "friendly fire" incident in the entire history of the PPD.

---

[1] The motions in limine and supporting memoranda filed by the other Defendants in this matter-namely John Ryan and Kenneth Cohen – are hereby included and incorporated by reference as if fully set forth.

Rather than admit that her failure to train claims are no more than impermissible "single incident" claims, the Plaintiff attempts to prove her case via so-called evidence of "systemic deficiencies"[2] arising from such matters as the promotional scandal involving the alleged "criminal misconduct of Prignano…(and) Ryan in helping officers cheat on promotional exams" [3] Plaintiff argues that such alleged occurrences aid her neglect of risk case because they "set a tone…that rule breaking was permissible."[4] It is through the use of evidence of these alleged events which are causally unconnected to the underlying constitutional deprivation alleged in the complaint – namely, a friendly fire incident whereby an off-duty and out of uniform police officer was fatally wounded by on-duty and uniformed police officers – that Plaintiff hopes to prevail on her civil rights claim. This "evidence", however, should be excluded not only because it is highly prejudicial, immaterial, and causally unconnected to the underlying constitutional deprivation alleged in the complaint, but also because it merely represents an improper attempt to introduce character evidence in contravention to Rule 404(b).

First, this "evidence" has absolutely nothing to do with the failure to train allegations. Not even the Plaintiff can be so unabashed as to suggest that the death of her son was somehow caused by the taking of a promotional exam. Saraiva, moreover, was not promoted either before or after the shooting by the taking of an exam or otherwise. Clearly, before being considered as relevant, any "possibly criminal rule breaking" though the alleged supplying of exam materials must have a demonstrated causal

---

[2] Page 11 in the Plaintiff's memorandum in support of her objection to the City's summary judgment motion.
[3] Page 11 in the Plaintiff's Memorandum in support of her objection to the City's summary judgment motion.
[4] Page 11 in the Plaintiff's memorandum in support of her objection to the City's summary judgment motion.

connection to the commission of the particular constitutional tort alleged in the complaint. Otherwise, evidence of every possible infraction of every single rule would be admissible irregardless of its materiality. That is, the alleged constitutional tort must be causally connected with the particular rules that was allegedly violated before evidence would be relevant and admitted on the violation of that particular rule. Otherwise, the evidence's lack of relevance and its probative value under rule 403 would be greatly outweighed by its great propensity to prejudice the fact-finder. Plaintiff's statement that Prignano's alleged "facilitation of possibly criminal rule breaking among his subordinates" shows a "tolerance (and even encouragement) of...rule breaking" associated with promotional exams has absolutely no relevance to the alleged constitutional tort in this matter which has absolutely no connection to the taking of promotional examinations.

The Plaintiff has previously cited Gutierrez-Rodriguez v. Cartagena, 822 F.2d 553 (1st Cir. 1989), in this regard. [5] Plaintiff's reliance upon Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553 (1st Cir. 1998) is entirely misplaced. Contrary to Plaintiff's assertion Guiterrez-Rodriguez did not find that "(t)his ("rule breaking") evidence is directly relevant to liability based on Prignano's supervision of "a bankrupt disciplinary system". Gutierrez-Rodriguez, 882 F.3d at 566 [6]. Rather, Gutierrez-Rodriguez concerned the admissibility under Fed. R.Evid. 404(b) of a defendant police officer's "case file" containing 13 previous incidents of civilian complaints having a causal connection to the constitutional tort alleged in the plaintiff's complaint. As stated by the

[5] Page 9 of Plaintiff's 5-8-03 Memorandum in support of her motion to compel discovery stating "t)his ("rule breaking") evidence is directly relevant to liability based on Prignano's supervision of "a bankrupt disciplinary system Gutierrez-Rodriguez, 882 F.2d at 566

[6] Plaintiff's memorandum at 21.

Court in Diaz v. Martinez, 112 F.3d 1,4,(1st Cir. 1997) pertaining to the significance of the holding in Gutierrez-Rodriguez.

> (W)e agree with the lower court that ...at the times relevant hereto, a reasonable police supervisor, charged with the duties that Vazquez (supervisor) bore, would have understood that he could be held constitutionally liable for failing to identify and take remedial action concerning an officer with demonstrably dangerous predilections and a checkered history of grave disciplinary problems. See Gutierrez-Rodriguez, 882 F.2d at 562-64. see generally Maldonado-Denis, 23 F.3d at 582 (explaining that a showing of gross negligence on a supervisory official's part "can signify deliberate indifference and serve as a basis for supervisory liability if it is causally connected to the actions that work the direct constitutional injury")...

In fact, Gutierrez-Rodriguez, ruled that the defendant officer's "case file" was admissible because unlike the supplying promotional exam materials alleged by the Plaintiff in the instant matter:

> The evidence was not used to prove conduct, period. As was repeatedly stressed by the district court, the evidence could only be used against Cartagena and Alverez (supervisors) to show gross lapses in the supervision and discipline of Soto (the officer whose case file contained 13 previous incidents of civilian complaints). See In Re: Air Crash in Bali, 684 F.2d 1301, 1315 (9th Cir. 1982) (evidence of pilot's prior pool flight record admissible against airline to show it had notice of his inabilities). Since the evidence was relevant on that question and was not used to prove conduct, we turn to (the) Rule 403 (balancing test)"

Consequently, the supplying promotional exam materials alleged by the Plaintiff in the present matter is not only irrelevant because it is causally unconnected[7] to the particular constitutional tort alleged by the Plaintiff, but is also irrelevant because it merely represents an improper attempt to admit character evidence in contravention to

[7] See also, Gros v. City of Grand Prairie, 209 F.3d 431, 434 (5th Cir. 2000) requiring a causal connection with "the specific constitutional violations alleged".

Rule 404(b)'s proscription against the admission of such evidence. [8] Moreover, in discussing the applicability of Rule 403, the Court in Gutierrez-Rodriguez went on to observe:

> We note first that under Rule 403 the delicate "balancing between the probative value of a piece of evidence and its prejudicial effect is committed to the trial court's discretion."
> Bordanaro v. McLeod, 871 F. 2d at 1166; see Onujiogu v. United States, 817 F. 2d 3, 6 (1st cir. 1987) (collecting First Circuit cases)...
> The case-file evidence was highly probative on the issue of the supervisory liability of Cartagena and Alverez. It helped the jury determine whether the responses of Cartagena and Alvarez to the complaints against Soto were improper and whether the disciplinary system was solely inadequate. Against this, Cartagena and Alvarez assert that the admission of the case files and testimony concerning them resulted in an adjudicated on the merits of all of the past complaints against Soto. This, they argue, likely confused the jury and invited them to second-guess the conclusion of the police department that led to the dismissal of most of Soto's misconduct charges. We do not believe that either o these arguments prove an abuse of discretion. The district judge believed that the probative value of these files on the issue of supervisory liability was important and somewhat unique. While it is true that as a result of their admission, the jury had before it the facts of thirteen different cases, we cannot conclude that the confusion or prejudice caused thereby was so unfair or outrageous that it "substantially outweighed" the evidence's probative value. See

[8] Borrowing from the "Defendant John Ryan's Memorandum of Law in Support of Motion for Protective Order: None of the issues in the case even remotely relate to improperly obtained promotions...Nor, does the plaintiff suggest that anyone has ever been convicted of a criminal charge relating...promotional examination(s). Therefore, impeachment of any witness in this action, by way of criminal conviction is not an issue either. Therefore, the only plausible purpose for the introduction of such evidence would be to show that Ryan, Prignano, or some other witness in this case might be of "bad character" and that somehow rises to the level of that "special relevance" to prove an issue in the case such as deficient training. "...Broken down to its simplest form, it is tantamount to saying that, assuming Ryan, Prignano, or some other police officer...either cheated or helped others cheat on a promotional examination, then the department's training in defensive tactics was ...deficient. The absurdity of such an argument speaks for itself. The only potential (use) for such evidence is that which Rule 404(b) specifically prohibits. That is, because person "x" cheated on an exam or assisted someone else to cheat, that person is a bad guy and you, the (fact finder)...should therefore find one or more of the defendants liable... As voted by Aguilar-Aranceta, ( 58 F.3d 796 (1st Cir. 1995) this supposed permitted inference would be obscured by the forbidden inference to propensity.

> Fed.R.Evid. 403. This is especially so where the files concerned prior, alleged misconduct of Soto- not of (his supervisors) Cartagena or Alvarez. Any prejudice resulting from their admission would thus most strongly be felt by Soto".

Consequently, the evidence in Guiterrez-Rodriguez was admissible under Rule 403 because it was directly connected with the officer who had himself committed the alleged constitutional tort. In the present matter, however, there has been no demonstrated causal connection between "Plunder Dome" and the "Promotional Scandal", to either Solitro or Saraiva. Therefore, such evidence should be excluded not only because it is casually unconnected to the particular constitutional tort alleged by the Plaintiff and because it merely represents an improper attempt to obtain character evidence in contravention to the proscription in Rule 404(b),[9] but also because its clear potential for prejudice by far outweighs its virtually non-existent relevancy under Rule 403 balancing test. Finally, with reference to the prejudice aspect in the Rule 403 balancing test, it deserves mentioning that the answers to the jury questionnaires demonstrated that many of the potential jurors in this matter are acutely aware of the alleged testing scandal (i.e. the promotional scandal): As a consequence, it is virtually certain that if such evidence – and indeed if any of the evidence described herein is admitted the jury will improperly connect it to the Plaintiff's claims in this matter which as demonstrated above – have no such connection.

---

[9] Borrowing from "Defendant, John Ryan's memorandum of Law in Support of Motion for Protective Order: None of the issues in the case even remotely relate to improperly obtained promotions…Nor, does the Plaintiff suggest that anyone has ever been convicted of a criminal charge relating…promotional examinations(s). Therefore, impeachment of any witness in this action, by way of criminal conviction is not an issue either. Therefore, the only plausible purpose for the introduction of such evidence would be to show that Ryan, Prignano or some other witness in this case might be of "bad character" and that somehow rises to the level of that "special relevance" to prove an issue in the case, such as deficient training.

Moreover, the Court can take judicial notice that numerous jury questionnaires contain statements that the potential jury has heard about the "promotional scandal" so called. In addition thereto, the court can take judicial notice that every article that continues to be written in the Providence Journal regarding the promotional matter contains the name of Defendant, Prignano. Obviously introducing evidence of this would be unduly prejudicial to Prignano.

WHEREFORE, Defendants pray that there Motion in Limine be granted.

Defendants,
City of Providence, Urbano Prignano, Jr.,

By its Attorney:

Kevin F. McHugh,
Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street Suite 200
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within to the Attorneys of Record as listed below on this 7th day of October, 2005.

Michael Colucci, Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, Rhode Island 02888

Robert B. Mann, Esquire
Mann & Mitchell
501 Turks Head Building
Providence, Rhode Island 02903

Nick Brustin, Esquire
Cochran, Nefueld & Scheck
99 Hudson Street 8th Floor
New York, NY 10013