UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, In her Capacity as Administratrix of the Estate of Cornel Young, Jr. | ) ) ) | |
| v. | ) | No. C.A. No. 01-288 S |
| CITY OF PROVIDENCE by and through its treasurer, Stephen Napolitano, et al | ) ) ) | |

PLAINTIFF'S OBJECTION TO MOTION OF DEFENDANTS CITY OF PROVIDENCE AND URBANO PRIGNANO, JR. TO EXCLUDE ALL EVIDENCE OF AND REFERENCE TO THE TESTIMONY IN THE 30(b)(6) DEPOSITIONS OF THE CITY OF PROVIDENCE THAT EXCEEDED THE SCOPE OF THE 30(b)(6) NOTICES

Now comes the plaintiff and objects and responds to the motion of defendants City of Providence and Urbano Prignano, Jr. to exclude all evidence of and reference to the testimony in the 30(b)(6) depositions of the city of Providence that exceeded the scope of the 30(b)(6) notices. In support of said objection the plaintiff submits the attached memorandum of law.

LEISA YOUNG, in her capacity as
Administratrix of the Estate of
Cornel Young Jr.,
By her Attorneys

[signature]

Robert B. Mann #0153
Mann & Mitchell
One Turks Head Pl., Ste. 501
Providence, RI 02903
(401) 351-5770

Barry Scheck, Esq. #4612
COCHRAN, NEUFELD, & SCHECK
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9084

Nick Brustin, Esq. #0605
COCHRAN, NEUFELD, & SCHECK
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9084

**Certification**

I hereby certify that a copy of the within document was mailed or delivered to the person or offices of Kevin McHugh, Esq., City Solicitors Office, 275 Westminster St., Suite 200, Providence, R.I. 02903 and Michael Colucci, Esq., Olenn & Penza, LLP, 530 Greenwich Ave., Warwick, RI 02886 on the 18 day of October, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, in her Capacity as Administratrix of the Estate of Cornel Young, Jr. | ) | |
| v. | ) | No. C.A. No. 01-288ML |
| CITY OF PROVIDENCE by and through its treasurer, Stephen Napolitano; et. al | ) | |

**MEMORANDUM IN RESPONSE TO DEFENDANT CITY OF PROVIDENCE AND URBANO PRIGNANO, Jr.'s MOTION IN LIMINE FOR "EXCLUSION OF ALL EVIDENCE OF AND REFERENCE TO THE TESTIMONY IN THE 30(b)(6) DEPOSITIONS OF THE CITY OF PROVIDENCE THAT EXCEEDED THE SCOPE OF THE 30(b)(6) NOTICES"**

Defendants contend that unspecified portions of 30(b)(6) testimony should be excluded for unspecified purposes. Defendants Ryan and Cohen were the witnesses that the City decided to produce to testify on behalf of the City on these issues. Defendants, though it is their burden to do so, do not point to any testimony in those depositions that was outside the scope of the Rule 30(b)(6) notices, so it is impossible to ascertain what, if any testimony they mean to refer to. Nor, as they admit, did they object to plaintiff's notices of deposition, attached to defendants' motion, which made clear that "the matters of inquiry may include any other matters permitted under Fed. R. Civ. P. 30 and any other procedures authorized by the Federal Rules." Regardless, their motion has no merit; the law is clear, as described below, that Rule 30(b)(6) does not constrain the scope of a deposition.

However, plaintiff's counsel is not even seeking to introduce the 30(b)(6) deposition into evidence. Therefore, the court need not rule on the wholesale admissibility of the 30(b)(6) deposition. Instead, only if defendants Ryan and Cohen's testimony at trial is materially different

from the testimony they gave at their depositions, Plaintiff's counsel may wish to introduce the parts of the deposition that reflect this material difference for impeachment purposes. First, if Ryan and Cohen acknowledge the substance of a prior statement, that testimony is admissible. Second, if they contradict a prior statement, plaintiff is entitled to use those statements to impeach them. Advisory Committee notes to Rule 801(d)(1)(a) ("Prior inconsistent statements traditionally have been admissible to impeach but not as substantive evidence.") Indeed, generally, even non deposition testimony hearsay evidence that would otherwise be inadmissible is admissible for purposes of impeachment. See Fed. R. Evid. 613 (a witness may be examined regarding prior inconsistent statements); United States v. Winchenbach, 197 F.3d 548, 557 (1st Cir. 1999) (it is a "time- honored tenet that prior inconsistent statements ordinarily may be used to impeach a witness's credibility"); Fireman's Fund Ins. Co. v. Thien, 8 F.3d 1307, 1311 (8th Cir. 1993) same); Brown v. LaCreek Elec. Ass'n. Inc., 939 F.2d 623, 625 (8th Cir. 1991) ("Plaintiff is correct in asserting that evidence not admissible as substantive evidence may come in for purposes of impeachment").

Further, while defendants do not mention the two 30(b)(6) witnesses by name, both of them, Ryan and Cohen are parties in this case, such that if they contradict prior statements, any such statements may be introduced into evidence. Ryan and Cohen's statements are all admissions, and could be admitted as substantive evidence, as to prior inconsistent statements made under oath at a deposition. Fed. R. Evid. 801(d)(1)(A). Similarly, though plaintiff does not intend to read the deposition into evidence, Fed. R. Civ. P. 32(a)(1) also holds that deposition testimony of a party is admissible for "the purpose of contradicting or impeaching the testimony of deponent as a witness." Fed. R. Civ. P. 32(a)(1). See also Codeiro v. Levasseau, 112 F.R.D.

209, 210-211 (D.R.I., 1986).[1]

The defendants' argument as to Rule 30(b)(6), while irrelevant as to impeachment, also lacks merit. First, the Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery.[2] In particular, the scope of a Rule 30(b)(6) deposition is determined only by the relevance standard of Rule 26. There is no requirement that notice of deposition have specificity; Rule 30(b)(6) merely requires that deposition notice to possess "reasonable particularity." Fed. R. Civ. P. Rule 30(b)(6). Thus, the rule seeks to avoid motion practice and multiple deposition notices simply to acquire relevant information in the possession of the corporate party or to require deposing counsel to draft broadly worded Rule 30(b)(6) deposition notices simply to prevent being foreclosed from full questioning of the corporation.

There is a split of authority as to the scope of examination of a witness produced pursuant to a Rule 30(b)(6) notice.

The case cited by Defendant's counsel, Paparelli v. Prudential Ins. Co. 108 F.R.D. 727 (D.C. Mass., 1985), is one of the minority of earlier decisions where courts have held that 30(b)(6) depositions should be strictly limited to the matters listed in the notice. That decision is also inapposite; it stated only that "party must confine the examination to the matters stated 'with reasonable particularity' which are contained in the Notice of Deposition." Id. at 730. Here, the

[1] Indeed, under Fed. R. Civ. P. 32(a)(2), the use of a deposition taken under Rule 30(b)(6) is not limited to purposes of impeachment, but can be used "by an adverse party for any purpose" at trial as part of her substantive proof for purposes other than impeachment, even though her adversary is available to testify at trial or has testified there.

[2] See Hickman v. Taylor, 329 U.S. 495, 507, (1947) ("The deposition-discovery rules are to be accorded a broad and liberal treatment."); see also SEC v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000) (quoting Hickman).

relevant notice explicitly stated that questions could be asked related to any other matters permissible under the Federal Rules. Defendants made no such objection to that notice to the Court before the deposition took place, or at the deposition, and thus, any objection has been waived.

In addition, the weight of authority holds that "the scope of a Rule 30(b)(6) deposition is not limited to matters described in the notice, but is determined solely by the relevance standard of Rule 26." Id.; see also Detoy v. City & County of San Francisco, 196 F.R.D. 362, 366-367 (N.D. Cal. 2000); Cabot Corp. v. Yamulla Enterprises, Inc., 194 F.R.D. 499, 500 (M.D. Pa. 2000); Hooker v Norfolk S. Ry., 204 FRD 124 (S.D. Ind. 2001).

In Cabot Corp v. Yamulla Enters, for example, the court specifically rejected the Paparelli decision, finding it "untenable" for a court to hold that Rule 30(b)(6) placed restrictions on the scope of discovery beyond what is required under Rule 26(b)(1):

> I do not read Rule 30(b)(6) as carving out a special limitation on the scope of discovery defined in Rule 26(b)(1). Moreover, it is my view that Rule 26(b) does not permit such a special limitation. Indeed the language of Rule 26(b) provides that the only way to change the scope of discovery set forth in Rule 26(b)(1) is by order of the court "in accordance with these rules." [Footnote omitted] It is therefore untenable to suggest that "describe with reasonable particularity the matters on which the examination is requested" is a limitation on the scope set forth in Rule 26(b)(1). It is inconsistent with the dictates of Rule 26(b).

Cabot Corp. v. Yamulla Enters., 194 F.R.D. 499, 500 (M.D. Pa. 2000). Rule 26(b)(1) articulates, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...[For] good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." According to the Bender treatise and the weight of federal district court rulings on the matter, any questions that Plaintiff's

counsel asked Defendants Ryan and Cohen during their depositions that are relevant to the case are properly within the scope of Rule 30(b)(6), regardless of what was articulated in the 30(b)(6) notice.

Defendants have not pointed to the specific testimony they are moving to exclude, as is their burden, nor did they object to the Notice of Depositions. Regardless, 30(b)(6) arguments are not only meritless but irrelevant; plaintiff may use the statements as impeachment, and indeed though plaintiff does not seek to introduce them into evidence, they are admissible as party admissions and prior inconsistent statements given at a deposition.

Finally, the plaintiff notes that the Court of Appeals relied heavily on 30(b)(6) testimony in denying summary judgment. For example, the Circuit stated:

> Further, Ryan testified at deposition inconsistently with the testimony of Melaragno and Boehm, as did other witnesses. Ryan testified that the only kind of academy training on on-duty/off- duty interactions that he knew about was his own class on civil liability training: he taught officers that because of possible exposure to liability, it was better if they did not take police action off-duty (in express contravention of the department's written policy). He emphasized that this training focused on liability concerns and did not discuss safety. He stated that he would know about any other training on off-duty issues that occurred at the academy, except for training on internal affairs by a Sergeant Bennett (on avoiding misconduct by drinking too much off-duty, etc.) and training on firearms by Melaragno. He stated further that he would know about [*29] any "substantial training" by Melaragno on on-duty/off-duty interactions and misidentifications, and he did not know of any.

Young v. City of Providence, 404 F.3d 4, 17-18 (lst Cir. 2005). The defendants' arguments to exclude the 30(b)(6) testimony can not be reconciled with the reliance on that testimony by the Court of Appeals.

LEISA YOUNG, in her capacity as
Administratrix of the Estate of
Cornel Young Jr.,
By her Attorneys

Robert B Mann

Robert B. Mann #0153
Mann & Mitchell
One Turks Head Pl., Ste. 610
Providence, RI 02903
(401) 351-5770

Robert Mann fa

Barry Scheck, Esq. #4612
COCHRAN, NEUFELD, & SCHECK
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9081

Robert Mann fa

Nick Brustin, Esq. #0605
COCHRAN, NEUFELD, & SCHECK
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9081

**Certification**

I hereby certify that a copy of the within document was mailed or delivered to the person or offices of Kevin McHugh, Esq., City Solicitors Office, 275 Westminster St., Suite 200, Providence, R.I. 02903 and Michael Colucci, Esq., Olenn & Penza, LLP, 530 Greenwich Ave., Warwick, RI 02886 on the 18 day of October, 2005.