MJC:ljc 95306 \pleading\95306MFProtectiveOrder

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LEISA YOUNG | : | |
| | : | |
| VS. | : | C.A. NO. 01-288S |
| | : | |
| CITY OF PROVIDENCE, ET AL | : | |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Now come the defendants, Ryan and Cohen, and move for a protective order precluding the continued deposition of plaintiff's expert, James Fyfe, from going forward today (October 31, 2005). In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS, RYAN AND COHEN,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DEFENDANTS, CITY OF PROVIDENCE AND URBANO PRIGNANO,
By their Attorney,

Kevin F. McHugh by MJC

Kevin F. McHugh, Esq. #3927
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845
PHONE: (401) 421-7740, Ext. 333
FAX: (401) 351-7596

**CERTIFICATION**

I certify that I sent a true copy of the within on 10.31.05 to:

Nick Brustin, Esq.
Cochran, Neufeld & Scheck, LP
99 Hudson Street, 8th Floor
New York, NY 10013

Robert B. Mann, Esq.
610 Turks Head Place
Providence, RI 02903

MJC:ljc 95306 MJC:ljc 95306 \pleading\95306MemorandumProtOrd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG :
:
VS. : C.A. NO. 01-288S
:
CITY OF PROVIDENCE, ET AL :

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

On Friday, October 21, 2005, the parties agreed to conduct a video taped deposition of plaintiff's expert, James Fyfe, in lieu of his personal appearance at trial. This was due to his stated ill health. The deposition was to be conduced in Princeton, New Jersey, commencing on October 21, 2005. Defense counsel traveled thereto and was advised upon arrival that the deposition could not go forward on that date because of Fyfe's health. It was agreed that we would proceed the following day, October 22nd, and, in fact, the deposition did go forward on the 22nd. Plaintiff's counsel completed his direct examination of the expert followed by cross-examination by Attorney McHugh on behalf of his clients. Attorney Colucci then began his cross-examination of Fyfe, but was unable to complete the same, because plaintiff's counsel and the deponent's wife felt that the deposition should be suspended because of the late hour and the deponent's health. Fyfe, himself, did not make such a request. However, after continued insistence that the deposition be stopped, defense counsel acquiesced with the proviso that we would resume on a future date to complete cross-examination.

It was subsequently agreed that the deposition would resume in New York City on Friday, October 28, 2005. Defense counsel made travel arrangements only to be advised late Thursday evening (October 27, 2005), at approximately 10:00 P.M., that Fyfe would not be able to sit for his deposition the following day. Further discussions were then held that day (the 28th) and defense counsel was advised that perhaps Fyfe could sit the following day (Saturday, the 29th). It was then learned that that would not be suitable for Fyfe, and that perhaps he might be able to sit for a deposition on Monday, October 31, 2005. Both defense counsel advised the plaintiff, in writing, that it was necessary to complete the deposition of Fyfe forthwith, in order that cross-examination could be completed. However, plaintiff's counsel (and understandably so) could not guarantee or commit to a date or time other than "perhaps on Monday."

Neither defense counsel heard anything until late morning on Sunday, October 30, 2005. We were advised that Fyfe might be able to sit for further deposition testimony the following day (October 31st) at 11:00 A.M., but that only one attorney on the plaintiff's side and one attorney on the defense side could be physically present. Others would have to participate by phone. Moreover, the defense was advised (and again, understandably so) that no one could guarantee whether or not Fyfe would be physically capable to give his deposition testimony and that most likely, no one would be able to have an answer on that issue until sometime mid-morning on October 31st.

At approximately 8:00 P.M. on October 30, 2005, the undersigned received an additional telephone call from plaintiff's counsel to the effect that, assuming Fyfe was well enough the following day (the 31st), he would be able to go forward at 1:00 P.M. with his deposition. Given the late notice and the remaining uncertainties as to whether Fyfe would actually be able to participate, Attorney Colucci advised opposing counsel that he would not travel to New Jersey (especially given other

pressing matters in this case). Even assuming travel arrangements could have been made at such a late hour, all uncertainties remained as to whether the deposition would actually go forward or not. Plaintiff's counsel raised the possibility of conducting the deposition by way of telephone and advised that they would contact defense counsel on the morning of the 31st for a further update on Fyfe's ability to go forward. At approximately 10:30 A.M. on Monday, the 31st, plaintiff's counsel advised the undersigned that they were planning to go forward as scheduled and inquired whether the defense would participate by way of telephone. The defense indicated that it would not so stipulate.

Rule of Procedure 30(b)(1) requires that depositions be scheduled upon "reasonable notice" and in writing. Furthermore, 30(b)(7) requires that absent a court order, the parties must stipulate that a deposition be taken by telephone or other remote or electronic means. Although the defense has been accommodating to the plaintiff in order to get the deposition of Fyfe done, the last minute cancellations and last minute notices made it untenable for the defense to further accommodate the plaintiff outside of the rules without seriously jeopardizing their own preparation for trial.

Accordingly, your defendants move that this motion for a protective order be granted and that the deposition of Fyfe be precluded absent reasonable notice as required.

DEFENDANTS, RYAN AND COHEN,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DEFENDANTS, CITY OF PROVIDENCE AND URBANO PRIGNANO,
By their Attorney,

Kevin F. McHugh, Esq. #3927
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845
PHONE: (401) 421-7740, Ext. 333
FAX: (401) 351-7596

**CERTIFICATION**

I certify that I sent a true copy of the within on 10.31.05 to:

Nick Brustin, Esq.
Cochran, Neufeld & Scheck, LP
99 Hudson Street, 8th Floor
New York, NY 10013

Robert B. Mann, Esq.
610 Turks Head Place
Providence, RI 02903