UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEISA YOUNG, in her Capacity as Administratrix of the Estate of Cornel Young, Jr. :

vs. : C.A. No. 01-288 S

CITY OF PROVIDENCE, by and through its Treasurer, Stephen Napolitano :

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE TO RESTRICT TESTIMONY OF EXPERT FRED TAYLOR**

Defendant, CITY OF PROVIDENCE, by and through its Treasurer, Stephen Napolitano (the "City") hereby objects to the Motion in Limine to Restrict Testimony of Expert Fred Taylor of plaintiff, LEISA YOUNG, in her capacity as Administratrix of the Estate of Cornel Young, Jr..

As grounds, the City refers to its Memorandum in Support.

DEFENDANT,
CITY OF PROVIDENCE by and through
its Treasurer, Stephen Napolitano

By its attorneys:
JOSEPH M. FERNANDEZ,
CITY SOLICITOR

Kevin F. McHugh, #3927
Anthony F. Cottone, #3922
Senior Assistant City Solicitors
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)

**CERTIFICATION**

I hereby certify that I hand-delivered a true copy of the within to the Attorney(s) of Record as listed below on this 21st day of November, 2005.

Robert B. Mann, Esquire
Mann & Mitchell
501 Turks Head Building
Providence, Rhode Island 02903

Barry Schreck, Esquire
Cochran, Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Joseph F. Penza, Jr., Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, Rhode Island 02888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, in her Capacity as Administratrix of the Estate of Cornel Young, Jr. | : | |
| vs. | : | C.A. No. 01-288 S |
| CITY OF PROVIDENCE, by and through its Treasurer, Stephen Napolitano | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION IN LIMINE TO RESTRICT TESTIMONY OF EXPERT FRED TAYLOR**

Defendant, CITY OF PROVIDENCE, by and through its Treasurer, Stephen Napolitano (the "City") submits the following Memorandum in support of its Objection to the Motion in Limine to Restrict Testimony of Expert Fred Taylor (the "Motion in Limine" and "Taylor," respectively) of plaintiff, LEISA YOUNG, in her capacity as Administratrix of the Estate of Cornel Young, Jr..

**I. Facts**

In the Motion in Limine Plaintiff suggests that Taylor, who was timely listed in pre-trial disclosures as an expert whose testimony the City intended to offer at trial, should not be allowed to testify concerning: (1) the adequacy of the City's so-called "on duty off duty" policy in 2000; (2) "training concerning off-duty confrontations;" and/or (3) Dr. Fyfe's "report or opinions." See Plaintiff's Memorandum in Support of the Motion in Limine at 2.

Without benefit of any caselaw, Plaintiff's suggest that such a drastic preclusion order is justified under Fed.R.Civ.P. 37(c)(1) because: (1) Taylor did not review the off duty policy in effect in 2000 prior to his deposition or before writing his March 25, 2003

report, see id. at 1; and (2) the "report does not provide any support for such testimony about on duty/off duty confrontations." Id.

For present purposes, the truth of (1) and (2), above, may be presumed.

## II. Argument

In Bowersfield v. Suzuki Motor Corp., 151 F.Supp.2d 625 (E.D. Pa. 2001), the court overruled an objection to expert testimony in a defective design case despite the fact that several aspects of the testimony had not been included in the expert's written report, noting that:

> '[t]estimony of an expert on matters within the expert's expertise but outside of the expert's report is not only permissible at trial, but the exclusion of such testimony may be reversible error . . . . An expert may testify beyond the scope of his report absent surprise or bad faith.' Id. at 631, *quoting* Fritz v. Consolidated Rail Corp., 1992 WL 96285 (E.D. Pa. Apr. 23, 1992) (Hutton, J.), *citing* DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193 (3d Cir. 1978). Courts within this district have also noted that there is no local custom, practice or rule which would limit an expert's testimony to the strict confines of his report." See id., *citing* Kelly v. GAF Corp., 115 F.R.D. 257 (E.D. Pa. 1987) (Ditter, J.)).

Id. at 631; see also Licciardi v. TIG Insurance Group, 140 F.3d 357, 367 (1st Cir. 1998) (stressing First Circuit's preference for continuance rather than exclusion of testimony in the absence of prejudice or bad faith); Porchia v. Design Equipment Co., 113 F.3d 877, 882 (8th Cir. 1997) (testimony allowed even when defendant failed to disclose material information since plaintiff failed to either request additional time to depose witness or demonstrate actual prejudice)

The following four-factor test has been articulated to determine when a district court should exclude testimony for failure to comply with pre-trial notice requirements:

> (1) the prejudice or surprise in fact of the party; (2) the ability of that party to cure the prejudice; (3) the extent to which the Rule 26 violation

> would disrupt the orderly and efficient trial of the case; and (4) the bad faith or willfulness in failing to comply with Rule 26.

Bowersfield, *supra*, 151 F.Supp.2d at 631-32, *quoting* DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 894, 904 (3d Cir. 1978); see also Nalder v. West Park Hosp., 254 F.3d 1168, 1177-78 (10th Cir. 2001) (applying factors); Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 100 (1996) (citing factors).

Contrary to Plaintiff's Motion in Limine, none of the applicable factors suggest that Taylor should be precluded from testifying in the three areas cited: (1) Plaintiff's Motion in Limine itself establishes that there has been no unfair surprise or prejudice as Plaintiff obviously has been able to anticipate and seek to preclude the testimony days before it might be elicited; (2) the lack of prejudice moots the ability to cure as a relevant factor; (3) there has been no suggestion that the testimony will disrupt the trial in any way; and (4) there has been no allegation of bad faith or willfulness on the part of the City. Moreover, the Plaintiff's expert has already testified at trial, testimony which Taylor should have the opportunity to rebut.

## III. Conclusion

For all the above reasons, the Motion in Limine to Restrict Testimony of Expert Fred Taylor of plaintiff, Leisa Young, in her capacity as Administratrix of the Estate of Cornel Young, Jr., should be denied.

DEFENDANT,
CITY OF PROVIDENCE by and through
its Treasurer, Stephen Napolitano

By its attorneys:
JOSEPH M. FERNANDEZ,
CITY SOLICITOR

Kevin F. McHugh, #3927
Anthony F. Cottone, #3922
Senior Assistant City Solicitors
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 351-7596 (Fax)

## CERTIFICATION

I hereby certify that I hand-delivered a true copy of the within to the Attorney(s) of Record as listed below on this 21st day of November, 2005.

Robert B. Mann, Esquire
Mann & Mitchell
501 Turks Head Building
Providence, Rhode Island 02903

Barry Schreck, Esquire
Cochran, Neufeld & Scheck, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

Joseph F. Penza, Jr., Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, Rhode Island 02888