SCANNE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEISA YOUNG, In her Capacity as Administratrix of the Estate of Cornel Young, Jr. | ) ) ) | |
| v. | ) | No. C.A. No. 01-288 S |
| CITY OF PROVIDENCE by and through its treasurer, Stephen Napolitano, et al | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REQUESTED PROXIMATE CAUSE JURY CHARGE**

Plaintiff respectfully submits additional authority in support of her requested jury charge on the issue of whether the City of Providence's protocols and training proximately caused Officer Solitro's violation of Cornel Young's constitutional rights.[1]

The "caused in part" formulation employed by the First Circuit in Young[2] and incorporated into Plaintiff's request to charge has been used by numerous other courts in § 1983 actions to describe the burden of proving that a municipality's conduct was the proximate cause of a violation of federal rights. See, e.g., Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990) ("[T]o sustain a § 1983 action against the City, plaintiffs must simply establish a municipal custom coupled with causation—i.e., that policymakers were

[1] As set forth in Plaintiff's Proposed Jury Instructions, Plaintiff has requested that the Court instruct the jury as to proximate cause in the following manner: "Finally, if you find that the City was deliberately indifferent, you must determine whether its inadequate protocols and training were "affirmative[ly] linked" to, or caused—at least in part—the violation of Officer Young's federally protected rights." Plaintiff's Proposed Jury Instructions, at 14.

[2] Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005) ("The actions taken by Solitro that constituted excessive force must somehow have been caused—at least in part—by the City's failure to train . . . Solitro.")

aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, *at least in part*, led to their injury." (emphasis added)); Cf, A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 581 (3rd. Cir. 2004), citing Bielevicz v. Dubinon for a slightly different point, but demonstrating the continuing vitality of Bielevicz v. Dubinon; Ledford v. Delancey, 612 F.2d 883, 887 (4th Cir. 1980) (holding that employee bringing First Amendment and due process claims against his county employer "must show that any deprivation of the right involved was caused, *at least in part*, by a county regulation, ordinance or policy" (emphasis added)); Canty v. City of Philadelphia , 99 F. Supp. 2d 576, 580-81 (E.D. Pa. 2000) ("Although proof of a single incident of unconstitutional activity is not sufficient, in and of itself, to establish liability, if a city can be shown to have tolerated known misconduct by police officers in the past or that its policymakers were aware of similar unlawful conduct in the past but failed to take precautions against future violations and that this failure, *at least in part*, caused the injury complained of, it may be held liable." (emphasis added)); see also Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1994) ("It is well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable *at least in part* to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." (emphasis added)).

Moreover, the requested "caused in part" language is consistent with the First Circuit's explications of the Supreme Court's requirement that an "affirmative link" be shown in order to establish proximate cause.[3] Neither the First Circuit, nor the Supreme

---

[3] See City of Oklahoma v. Tuttle, 471 U.S. 808, 823 and 824, n. 7 (1985)

Court, has ever required that a municipal policy or custom be the exclusive force behind the constitutional violation committed by the state actor; rather, the policy or custom need only be a "substantial" factor, or "legally significant" cause. See Malley v. Briggs, 475 U.S. 335, 344 n.7 (1986) (stating that the district court's conclusion that a magistrate's probable cause finding negated the proximate link between an officer's wrongful conduct and the plaintiff's unconstitutional arrest was "inconsistent with" the Court's interpretation of § 1983 because "§ 1983 'should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.'" (quoting Monroe v. Pape, 365 U.S. 167, 187 (1961))); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997) ("The concept of proximate causation restricts tort liability to those whose conduct, beyond falling within the infinite causal web leading to an injury, was a legally significant cause."); Gutierrez-Rodriguez v. Cartagena, 882 F.3d 553, 569 (1st Cir. 1989) (stating that "[a]n injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence in the case that the act or omission played a *substantial part* in bringing about or actually causing the injury or damage, and that the [in]jury or damage was either a direct result or a *reasonably probable* consequence of the act or omission," and holding that "affirmative link" concept was

---

explaining that to prove a particular violation was caused by the municipal policy there must be an "affirmative link" between the policy and the particular constitutional violation alleged; Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 209 (1st Cir. 1990) ("A municipality or its supervisory personnel can be held liable for the constitutional misconduct of its employees only on the basis of an 'affirmative link' between their acts and those of the offending employee."); Gutierrez-Rodriguez v. Cartagena, 882 F.3d 553, 569 (1st Cir. 1989) (noting that the First Circuit had endorsed the Supreme Court's "affirmative link" terminology to describe proximate cause in § 1983 municipal liability).

equivalent to the "substantial part" and "reasonably probable" language employed by the district court's proximate cause jury instruction) (emphasis added)).[4]

As the foregoing authorities illustrate, the First Circuit's formulation of Plaintiff's proximate cause burden *in this very case* is consistent with controlling precedent and well-reasoned § 1983 case law. Plaintiff therefore respectfully renews her Request to Charge on the issue of proximate cause.

LEISA YOUNG, in her capacity as
Administratrix of the Estate of
Cornel Young Jr.,
By her Attorneys

---

[4] See also Parker v. District of Columbia, 850 F.2d 708, 714 (D.C. Cir. 1988), cert. denied 489 U.S. 1065 (1989) ("[A] municipal policy is deemed to be the moving force of a constitutional injury if the conduct is a substantial factor in bringing about harm. The defendant may be held liable for harm that is 'foreseeably attributable' to his conduct as well as for unforeseeable harm attributable to his conduct, unless it appears that the chain of events is "highly extraordinary in retrospect." (internal quotations and citations omitted)); Cox v. District of Columbia, 821 F. Supp. 1, 18 (D.D.C. 1993), aff'd in unpublished disposition not to be cited as precedent, 1994 U.S. App. Lexis 30756 (1994), ("In the search to describe causation, the various Courts of Appeals have articulated an assortment of phrases to describe the degree of causation necessary. In the District of Columbia, 'substantial factor' is most often invoked. The policy will be considered the 'moving force' behind the constitutional violation if the 'conduct is a substantial factor in bringing about harm....' Parker, 850 F.2d at 714 (quoting Morgan, 824 F.2d at 1062-63). ")

Robert B. Mann #0153
Mann & Mitchell
One Turks Head Pl., Ste. 610
Providence, RI 02903
(401) 351-5770

Barry Scheck, Esq. #4612
COCHRAN, NEUFELD, & SCHECK
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9081

Nick Brustin, Esq. #0605
COCHRAN, NEUFELD, & SCHECK
99 Hudson Street, 8th Floor
New York, NY 10013
212-965-9081

**Certification**

I hereby certify that a copy of the within document was mailed or delivered or faxed to the person or offices of Kevin McHugh, Esq., City Solicitors Office, 275 Westminster St., Suite 200, Providence, R.I. 02903 and Michael Colucci, Esq., Olenn & Penza, LLP, 530 Greenwich Ave., Warwick, RI 02886 on the 1st day of December, 2005.