MJC:ljc 95306 \pleading\95306Obj&RecommChgs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LEISA YOUNG | : | |
| | : | |
| VS. | : | C.A. NO. 01-288S |
| | : | |
| CITY OF PROVIDENCE, ET AL | : | |

**DEFENDANTS' OBJECTION AND RECOMMENDED CHANGES TO INITIAL INTRODUCTORY STATEMENT**

Now come the defendants and object to the proposed introductory statement to be read by the Court. The portions thereof which the defense believes should be stricken are highlighted in gray shade. The defendants' proposed additions to the statement are contained in brackets [ ] and are bold faced and italicized.

Support for this objection and proposal is found in the law summarized in the pre-trial memorandum of the defendants, and the same is incorporated herein by reference.

DEFENDANTS, RYAN AND COHEN,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 10.31.05 to:

Nick Brustin, Esq.
Cochran, Neufeld & Scheck, LP
99 Hudson Street, 8th Floor
New York, NY 10013

Robert B. Mann, Esq.
610 Turks Head Place
Providence, RI 02903

Kevin F. McHugh, Esq.
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845

[After the reading of statement of facts]

Ladies and Gentlemen, you have been selected to serve as jurors in the matter of *Young v. Providence*. This trial—the case you are about to hear—is actually the second phase of a two phase trial. The first phase of the trial has already been completed; it considered the preliminary legal questions of whether the actions of Providence Police Officers Saraiva and Solitro violated the constitutional right of Officer Cornel Young (whom I will refer to as "Cornel") to be free of unreasonable seizure under the Fourth Amendment of the U.S. Constitution. Now the first jury found that the actions of Officer Saraiva did <u>not</u> violate Cornel's constitutional rights, but the actions of Officer Solitro did violate his constitutional rights.

Officers Saraiva and Solitro are <u>not</u> defendants in this matter. Rather the City of Providence and various senior officers of the Providence Police Department are the defendants here. Thus, the plaintiff, Mrs. Young, is seeking to hold the City and its police leadership legally responsible for the violation of Cornel's constitutional rights by Officer Solitro.

In a moment, I am going to give you an overview of the law that will govern your consideration of this question. But before I do that, I want to take a few minutes to cover some important points that define, and to some degree limit the task that you will be performing in this case. First, it is important to understand that while you have just heard a factual summary of the events that led to this lawsuit, and while you will also be hearing additional testimony on these matters, you are only hearing this

evidence for purposes of background and for the purpose of deciding the specific questions that will be put to you concerning whether the defendants are legal responsible for the constitutional rights violation suffered by Cornel. That is, if is not your task to revisit any of the verdicts of the first jury. Even if after hearing the evidence you think the first jury was wrong on some point, and even if you think, as a juror, you might have voted for a different verdict, you must nevertheless accept and honor the first jury's verdict.

In practical terms, what this means is this: because only Officer Solitro (and not Officer Saraiva) was found to have violated Cornel's rights, the question for you is limited to whether the City bears legal responsibility for the actions of Solitro. The Plaintiff contends that the City is legally responsible because if ailed to adequately train Officer Solitro on how to avoid situations like the one that led to Cornel's death, and [redacted]. [ ***and/or had unconstitutional policies in place that caused the shooting*** ] You will be asked to decide this issue, based upon the law that I will give you. [ ***Although you may hear evidence on the following,*** ] You are not being asked to decide whether Cornel's training or Officer Saraiva's training was inadequate—only whether Officer Solitro's training was inadequate.

Now there are some important legal concepts that you must keep in mind as you hear this case. [ ***Although I have been using the term "inadequate", I am not talking about negligence. Something more must be shown rising to the level of constitutionally***

***deficient training*** ] I will instruct you in more detail on this law at the end of the trial—but I want you to have a preview to help frame your consideration of the evidence.

First, since it has already been established by the first jury that Officer Solitro unconstitutionally "seized" Cornel, in order to establish that these defendants are responsible, the plaintiff must show [redacted], that the defendants were "deliberately indifferent" to a risk that was known; or, to put it another way, it means the defendants were "blind" to the risk that such off duty/on duty misidentification encounters can and do occur and can lead to deadly consequences [ ***and then made a conscious or deliberate choice not to provide training to prepare its officers to deal with such encounters*** ]. The plaintiff contends that because the defendants were blind to the risk, they did not train Solitro adequately to deal with such situations, [redacted] [ ***and/or that he acted pursuant to an unconstitutional policy*** ].

Second, if the plaintiff is successful in proving this [redacted], then she must next prove that this deliberate indifference or blindness was the cause of Cornel's death. To prove causation, the plaintiff must show that the failure to provide [ ***constitutionally*** ] adequate training or [redacted] [ ***that the existence of an unconstitutional***

***policy*** ], was, [redacted], the "moving force" [ ***i.e. the actual cause*** ] behind Solitro's shooting of Cornel.

The defendants contend [redacted] that they were not deliberately indifferent or blind to the risk; and that they provided adequate training and policies. Further, the defendants contend that if there were any failures or inadequacies in these areas, they did not cause Officer Solitro to violate Cornel's constitutional rights. This, of course, will be for you, the jury, to decide. I will be giving you detailed instructions at the end of the case on the law so that you can resolve this question.

[proceed with standard pre-trial instructions]

MJC:mes \pleading\95306judgesopening.wpd